## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **DEFY MEDICAL, LLC,** a Florida limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> **ROYAL MEDICAL CENTER GROUP, LLC,** a Florida limited liability company, <br><br> Defendants. | **CASE NO.:** <br> **COMPLAINT FOR DAMAGES WITH INJUNCTIVE RELIEF SOUGHT:** <br><br> (1) Federal Trademark Infringement under 15 U.S.C. § 1114(1)(a) <br> (2) Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a)(1)(A) <br> (3) Trademark Infringement under Florida Common Law <br> (4) Unfair Competition under Florida Common Law <br> (5) Unjust Enrichment under Florida Common Law |

### COMPLAINT FOR DAMAGES
### WITH INJUNCTIVE RELIEF SOUGHT AND DEMAND FOR JURY TRIAL

Plaintiff, **DEFY MEDICAL, LLC**, a Florida limited liability company ("**DEFY MEDICAL**"), by and through undersigned counsel, sues **ROYAL MEDICAL CENTER GROUP, LLC**, a Florida limited liability company ("**ROYAL MEDICAL**"), and in support thereof states as follows:

### JURISDICTION AND VENUE

1. This is an action for trademark infringement under 15 U.S.C. § 1114(1)(a) and unfair competition and false designation of origin under 15 U.S.C. § 1125(a)(1)(A).

2. Pendent to the above claims arising under the laws of the United States, or more specifically, Acts of Congress relating to trademarks, DEFY MEDICAL also brings this action for trademark infringement under the common law of the State of Florida, unfair competition under the common law of the State of Florida, and unjust enrichment under the common law of the State

of Florida.

3. This Court possesses subject matter jurisdiction over this action pursuant to 17 U.S.C. § 502(a), 15 U.S.C. § 1121, and 15 U.S.C. § 1116. This Court also possesses original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States, and pursuant to 28 U.S.C. § 1338(a), as an action arising under an Act of Congress relating to Federal trademarks.

4. This Court possesses pendent or supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b), as a civil action asserting claims of unfair competition, joined with a substantial and related claim under the trademark laws, and pursuant to 28 U.S.C. § 1367(a), as a civil action of which the district courts have original jurisdiction containing claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. This Court possesses personal jurisdiction over ROYAL MEDICAL because it resides or transacts business in the State of Florida and in this District, and more specifically, because ROYAL MEDICAL violated and infringed DEFY MEDICAL's valuable trademark, intellectual property, and other rights under and related to a trademark owned by DEFY MEDICAL and registered on the Principal Register of the United States Patent and Trademark Office (the "USPTO") in the advertising, marketing, promotion, and sale of medical services, medical advisory services, and other related services in the State of Florida and in this District.

6. Venue is proper and appropriate in this District pursuant to 28 U.S.C. § 1391 because ROYAL MEDICAL is subject to personal jurisdiction in this District, or because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## DEFY MEDICAL AND ITS INTELLECTUAL PROPERTY

7.  DEFY MEDICAL is a limited liability company organized and existing under the laws of the State of Florida, is authorized to conduct business in Florida, and maintains a principal address of 4809 North Armenia Ave., Suite 220, Tampa, FL 33603.

8.  DEFY MEDICAL owns the trademark registered on the Principal Register of the USPTO as Reg. No. 5,208,930 (the **"Registered Mark"**). A true and correct copy of the Certificate of Registration issued by the USPTO for the Registered Mark is attached hereto as **Exhibit "A"** and incorporated herein by reference.

9.  The registration of the Registered Mark is valid, existing, unrevoked, uncancelled, and subsisting pursuant to 15 U.S.C. § 1057 and 15 U.S.C. § 1115, and therefore constitutes *prima facie* evidence of the validity of the Registered Mark, DEFY MEDICAL's ownership of the Registered Mark, and DEFY MEDICAL's exclusive right to use the Registered Mark in commerce in connection with medical services, medical advisory services, and other related services.

10. DEFY MEDICAL has expended significant sums of money in the advertising, marketing, and promotion of its medical services, medical advisory services, and other related services in print and on the internet, as well as in other forms of advertising.

11. As a result of DEFY MEDICAL's extensive advertising, marketing and promotion, DEFY MEDICAL developed, built up, and now owns valuable goodwill associated with the Registered Mark.

12. The Registered Mark and the corresponding goodwill associated therewith and symbolized thereby are of great value, are highly distinctive and arbitrary, and are associated in the mind of the consuming public with medical services, medical advisory services, and other related services of the highest quality and reputation finding their source in DEFY MEDICAL.

## ROYAL MEDICAL AND ITS CONDUCT

13. Upon information and belief, ROYAL MEDICAL is a limited liability company organized and existing under the laws of the State of Florida and maintains a principal address of 1000 East Hillsboro Blvd., Suite 102, Deerfield Beach, FL 33441.

14. In October of 2018, DEFY MEDICAL become aware that ROYAL MEDICAL was advertising on Google using the search term "Defy Medical". A copy of a computer screen-shot showing ROYAL MEDICAL's first infringing Google advertisement is attached hereto as **Exhibit "B"** and incorporated herein by reference.

15. ROYAL MEDICAL's infringing Google advertisement was an attempt to cause consumer confusion as to the source or sponsorship of its services and to capitalize on and profit from DEFY MEDICAL's valuable goodwill, reputation, and intellectual property rights.

16. ROYAL MEDICAL's infringing Google advertisement was removed only after DEFY MEDICAL made an infringement complaint to Google. E-mail correspondence with Google pertaining to the first infringing Google advertisement is attached hereto as **Exhibit "C"** and incorporated herein by reference.

17. Thereafter, in November of 2018, DEFY MEDICAL become aware that ROYAL MEDICAL was again advertising on Google, but this time using the search term "DefyMedical". A copy of a computer screen-shot showing ROYAL MEDICAL's second infringing Google advertisement is attached hereto as **Exhibit "D"** and incorporated herein by reference.

18. ROYAL MEDICAL's second infringing Google advertisement was a blatant attempt to circumvent Google's procedures, protocols, and protections, and to again attempt to cause consumer confusion as to the source or sponsorship of its services and to capitalize on and profit from DEFY MEDICAL's valuable goodwill, reputation, and intellectual property rights.

19. DEFY MEDICAL made another infringement complaint to Google. E-mail correspondence with Google pertaining to the second infringing Google advertisement is attached hereto as **Exhibit "E"** and incorporated herein by reference.

20. ROYAL MEDICAL's use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services was without authorization by or permission from DEFY MEDICAL.

21. On November 9, 2018 counsel for DEFY MEDICAL wrote to ROYAL MEDICAL and advised it of the second violation of DEFY MEDICAL'S intellectual property rights, as well as the prior violation, thereby confirming that ROYAL MEDICAL's second violation was knowing and intentional. A copy of this demand letter is attached hereto as **Exhibit "F"** and incorporated herein by reference.

22. Thereafter, the second Google advertisement was removed, but ROYAL MEDICAL did not meet or comply with any of the other terms of DEFY MEDICAL's demand letter of November 9, 2018.

23. On January, 8, 2019, counsel for DEFY MEDICAL again wrote to ROYAL MEDICAL requesting that ROYAL MEDICAL comply with DEFY MEDICAL's demands based on the second infringing Google advertisement, which was unquestionably intentional under the circumstances. A copy of this letter is attached hereto as **Exhibit "G"** and incorporated herein by reference.

24. ROYAL MEDICAL has failed to adequately meet DEFY MEDICAL's demands.

25. ROYAL MEDICAL's actions were a blatant attempt to direct and capture internet traffic and potential customers to ROYAL MEDICAL instead of DEFY MEDICAL.

26. The terms "Defy Medical" and "DefyMedical" used by ROYAL MEDICAL in its

Google advertisements are confusingly similar to the Registered Mark. In fact, "Defy Medical" is a literal element of the Registered Mark.

27. ROYAL MEDICAL's actions were likely to cause or caused the consuming public to assume, contrary to fact, that the services being offered by ROYAL MEDICAL were in some way authorized, connected, affiliated, sponsored or approved by DEFY MEDICAL.

28. ROYAL MEDICAL's conduct and its Google advertisements using the terms "Defy Medical" and "DefyMedical" constitute infringements of the Registered Mark and DEFY MEDICAL's intellectual property rights, and DEFY MEDICAL was substantially and irreparably damaged by ROYAL MEDICAL's infringing actions.

29. ROYAL MEDICAL was aware of and possessed actual knowledge that the Registered Mark is registered on the Principal Register of the USPTO.

30. ROYAL MEDICAL's illegal and infringing activities were a deliberate, willful, intentional, and a blatant attempt to capitalize on and profit from DEFY MEDICAL's valuable goodwill, reputation, and intellectual property rights.

31. DEFY MEDICAL is substantially and irreparably damaged by ROYAL MEDICAL's illegal and infringing actions, and this type of infringing conduct is precisely what trademark and unfair competition laws were designed and intended to prevent.

## OTHER GENERAL ALLEGATIONS

32. DEFY MEDICAL has retained the undersigned counsel for legal representation and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)(a)

33. DEFY MEDICAL hereby realleges and incorporates the allegations contained in

Paragraphs 1 through 31, as if fully set forth herein.

34. ROYAL MEDICAL's unauthorized use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services violated DEFY MEDICAL's valuable rights in the Registered Mark, and constitutes trademark infringement under 15 U.S.C. § 1114(1)(a).

35. ROYAL MEDICAL's unauthorized use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services was likely to induce or did induce the consuming public and others to believe, contrary to fact, that such services and the advertising thereof were sponsored, created, authorized, or approved by DEFY MEDICAL, all to the damage and detriment of DEFY MEDICAL and its reputation, goodwill, compensation, sales, and/or revenue.

36. ROYAL MEDICAL's unauthorized use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services was likely to cause or did cause confusion, mistake, and deception among the customers that such services originate from or are otherwise authorized by DEFY MEDICAL, all to the damage and detriment of DEFY MEDICAL and its reputation, goodwill, sales, and/or revenue.

37. ROYAL MEDICAL's unlawful and infringing actions were committed willfully and deliberately.

38. ROYAL MEDICAL's unlawful and infringing actions caused DEFY MEDICAL serious and irreparable injury, damage, and loss of reputation and goodwill associated with the Registered Mark, resulting in DEFY MEDICAL's immediate and irreparable injury and damage, for which injury and damage DEFY MEDICAL has no adequate remedy at law and which cannot be adequately calculated or compensated solely in money damages.

## COUNT III

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(A)

39. DEFY MEDICAL hereby realleges and incorporates the allegations contained in Paragraphs 1 through 31, as if fully set forth herein.

40. ROYAL MEDICAL's unauthorized use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services was likely to induce or did induce the consuming public and others to believe, contrary to fact, that such services and the advertising thereof were sponsored, created, authorized, or approved by DEFY MEDICAL, all to the damage and detriment of DEFY MEDICAL and its reputation, goodwill, compensation, sales, and/or revenue.

41. ROYAL MEDICAL's unauthorized use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services was likely to cause or did cause confusion, mistake, and deception among the customers that such services originate from or are otherwise authorized by DEFY MEDICAL, all to the damage and detriment of DEFY MEDICAL and its reputation, goodwill, sales, and/or revenue.

42. ROYAL MEDICAL's unauthorized use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services created express and implied misrepresentations that ROYAL MEDICAL's services and the advertising thereof are sponsored, created, authorized, or approved by DEFY MEDICAL, all to the damage and detriment of DEFY MEDICAL and its reputation, goodwill, sales, and/or revenue.

43. Accordingly, ROYAL MEDICAL's unauthorized use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related

services constitutes a false designation of origin, a false and misleading representation, and/or unfair competition in violation of 15 U.S.C. 1125(a)(1)(A).

44. ROYAL MEDICAL's unlawful actions that that constitute a false designation of origin, a false and misleading representation, and/or unfair competition in violation of 15 U.S.C. 1125(a)(1)(A) were willful and deliberate.

45. ROYAL MEDICAL's unlawful actions that that constitute a false designation of origin, a false and misleading representation, and/or unfair competition in violation of 15 U.S.C. 1125(a)(1)(A) caused DEFY MEDICAL serious and irreparable injury and loss of reputation and goodwill associated with the Registered Mark, and resulted in DEFY MEDICAL's immediate and irreparable injury and damage, for which injury and damage DEFY MEDICAL has no adequate remedy at law and which cannot be adequately calculated or compensated solely in money damages.

## COUNT IV

## TRADEMARK INFRINGEMENT UNDER FLORIDA COMMON LAW

46. DEFY MEDICAL hereby realleges and incorporates the allegations contained in Paragraphs 1 through 31, as if fully set forth herein.

47. ROYAL MEDICAL's unauthorized use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services violated DEFY MEDICAL's valuable rights in and related to the Registered Mark and constitutes trademark infringement under the common law of the State of Florida.

48. ROYAL MEDICAL's unauthorized use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services was likely to induce or did induce the consuming public and others to believe, contrary to

fact, that such services and the advertising thereof were sponsored, created, authorized, or approved by DEFY MEDICAL, all to the damage and detriment of DEFY MEDICAL and its reputation, goodwill, compensation, sales, and/or revenue.

49. ROYAL MEDICAL's unauthorized use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services was likely to cause or did cause confusion, mistake, and deception among the customers that such services originate from or are otherwise authorized by DEFY MEDICAL, all to the damage and detriment of DEFY MEDICAL and its reputation, goodwill, sales, and/or revenue.

50. ROYAL MEDICAL's unlawful and infringing actions were committed willfully and deliberately.

51. ROYAL MEDICAL's unlawful and infringing actions caused DEFY MEDICAL serious and irreparable injury, damage, and loss of reputation and goodwill and resulted in DEFY MEDICAL's immediate and irreparable injury and damage, for which injury and damage DEFY MEDICAL has no adequate remedy at law and which cannot be adequately calculated or compensated solely in money damages.

## COUNT V

## UNFAIR COMPETITION UNDER FLORIDA COMMON LAW

52. DEFY MEDICAL hereby realleges and incorporates the allegations contained in Paragraphs 1 through 31, as if fully set forth herein.

53. ROYAL MEDICAL's unauthorized use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services was likely to induce or did induce the consuming public and others to believe, contrary to fact, that such services and the advertising thereof were sponsored, created, authorized, or

approved by DEFY MEDICAL, all to the damage and detriment of DEFY MEDICAL and its reputation, goodwill, compensation, sales, and/or revenue.

54. ROYAL MEDICAL's unauthorized use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services created express and implied misrepresentations that ROYAL MEDICAL's services and the advertising thereof were sponsored, created, authorized, or approved by DEFY MEDICAL, all to the damage and detriment of DEFY MEDICAL and its reputation, goodwill, sales, and/or revenue.

55. Accordingly, ROYAL MEDICAL's unauthorized use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services constitutes unfair competition under Florida common law.

56. ROYAL MEDICAL's unlawful actions were willful and deliberate.

57. ROYAL MEDICAL's unlawful actions constituting unfair competition caused DEFY MEDICAL serious and irreparable injury and loss of reputation and goodwill, and resulted in DEFY MEDICAL's immediate and irreparable injury and damage, for which injury and damage DEFY MEDICAL has no adequate remedy at law and which cannot be adequately calculated or compensated solely in money damages.

## COUNT VI

## UNJUST ENRICHMENT

58. DEFY MEDICAL hereby realleges and incorporates the allegations contained in Paragraphs 1 through 31, as if fully set forth herein.

59. By using the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services without authorization by DEFY

MEDICAL, ROYAL MEDICAL unfairly benefited from and utilized DEFY MEDICAL's valuable intellectual property and the goodwill and reputation associated therewith and symbolized thereby, at no cost to ROYAL MEDICAL.

60. ROYAL MEDICAL accepted and retained the benefit of using the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services without authorization by DEFY MEDICAL, and the circumstances are such that it is inequitable for ROYAL MEDICAL to do so without paying the value of the same.

61. Consequently, ROYAL MEDICAL was unjustly enriched at DEFY MEDICAL's expense and to the damage and detriment of DEFY MEDICAL.

62. ROYAL MEDICAL's unlawful actions were willful and deliberate.

63. ROYAL MEDICAL' actions constituting unjust enrichment caused DEFY MEDICAL damages.

**DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF**

**WHEREFORE**, DEFY MEDICAL respectfully demands a jury trial on all issues so triable and prays for judgment against ROYAL MEDICAL as follows:

(a) That ROYAL MEDICAL's use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services without authorization by DEFY MEDICAL constitutes trademark infringement under 15 U.S.C. § 1114(1)(a);

(b) That ROYAL MEDICAL's use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services without authorization by DEFY MEDICAL constitutes unfair competition and or a false designation of origin pursuant to 15 U.S.C. § 1125(a)(1)(A);

**(c)** That ROYAL MEDICAL's unlawful and infringing acts with respect to the Registered Mark were committed willfully;

**(d)** That, pursuant to 15 U.S.C. § 1116(a), ROYAL MEDICAL and its principals, owners, managers, members, shareholders, directors, officers, agents, representatives, servants, employees, licensees, affiliates, joint venturers, parents, subsidiaries, affiliates and related entities, and others in privity and acting in concert or participation with ROYAL MEDICAL be permanently enjoined from using the Registered Mark or any other name, mark, trade dress, design, color, arrangement, collocation, or any combination thereof, which would imitate, resemble, suggest or be confusingly similar to the Registered Mark, or otherwise infringe the Registered Mark;

**(e)** That, pursuant to 15 U.S.C. § 1116(a), ROYAL MEDICAL be required to file with the Court and serve on DEFY MEDICAL within thirty (30) days after issuance of an injunction pursuant to 15 U.S.C. § 1116, a report in writing under oath setting forth in detail the manner and form in which ROYAL MEDICAL have complied with the injunction;

**(f)** That, pursuant to 15 U.S.C. § 1117(a), ROYAL MEDICAL be ordered to pay an award of monetary damages to DEFY MEDICAL in an amount equal to the following:

**(1)** ROYAL MEDICAL's profits attributable to its unlawful and infringing actions; and

**(2)** Any damages sustained by DEFY MEDICAL, as such award may be increased by the Court to an amount not to exceed three (3) times such amount; and

**(3)** All of DEFY MEDICAL's costs of this action;

**(g)** That, pursuant to 15 U.S.C. § 1117(b), ROYAL MEDICAL be ordered to pay an award of monetary damages to DEFY MEDICAL equal to three (3) times ROYAL MEDICAL's

profits or damages sustained by DEFY MEDICAL, together with DEFY MEDICAL's reasonable attorneys' fees incurred in connection with or related to this action;

(h) That, pursuant to 15 U.S.C. § 1117(a), ROYAL MEDICAL be ordered to pay DEFY MEDICAL its reasonable attorneys' fees incurred in connection with and related to this action;

(i) That, pursuant to 15 U.S.C. § 1118, ROYAL MEDICAL be ordered to deliver to DEFY MEDICAL for destruction all products, wrappers, labels, packages, and other items in ROYAL MEDICAL' possession that infringe or violate DEFY MEDICAL's rights in the Registered Mark;

(j) That ROYAL MEDICAL's use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services without authorization by DEFY MEDICAL constitutes trademark infringement under Florida common law;

(k) That, under the common law of Florida, ROYAL MEDICAL and its principals, owners, members, managers, shareholders, directors, officers, agents, representatives, servants, employees, licensees, affiliates, joint venturers, parents, subsidiaries, affiliates and related entities, and others in privity and acting in concert or participation with ROYAL MEDICAL be permanently enjoined from using the Registered Mark, or any other name, mark, trade dress, design, color, arrangement, collocation, or any combination thereof, which would imitate, resemble, suggest or be confusingly similar to the Registered Mark, or otherwise infringe Registered Mark;

(l) That, under the common law of the State of Florida, ROYAL MEDICAL be ordered to pay an award of monetary damages to DEFY MEDICAL in an amount sufficient to compensate

DEFY MEDICAL for its damages and injury sustained as a result of ROYAL MEDICAL's unlawful and infringing acts;

**(m)** That ROYAL MEDICAL's use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services without authorization by DEFY MEDICAL constitutes unfair competition under the common law of the State of Florida;

**(n)** That, under the common law of Florida, ROYAL MEDICAL and its principals, owners, managers, members, shareholders, directors, officers, agents, representatives, servants, employees, licensees, affiliates, joint venturers, parents, subsidiaries, affiliates and related entities, and others in privity and acting in concert or participation with ROYAL MEDICAL be permanently enjoined from using the Registered Mark, or any other name, mark, trade dress, design, color, arrangement, collocation, or any combination thereof, which would imitate, resemble, suggest or be confusingly similar to the Registered Mark, or otherwise committing acts that constitute unfair competition under Florida common law, or otherwise engaging in any other acts with respect to DEFY MEDICAL or the Registered Mark that constitute unfair competition under the common law of the State of Florida;

**(o)** That, under the common law of the State of Florida, ROYAL MEDICAL be ordered to pay an award of monetary damages to DEFY MEDICAL in an amount sufficient to compensate DEFY MEDICAL for its damages sustained as a result of ROYAL MEDICAL's acts that constitute unfair competition;

**(p)** That ROYAL MEDICAL's use of the terms "Defy Medical" and "DefyMedical" in the advertising of medical services, medical advisory services, and related services without authorization by DEFY MEDICAL constitutes unjust enrichment under Florida common law;

(q) That, under the common law of the State of Florida, ROYAL MEDICAL be ordered to pay an award of monetary damages to DEFY MEDICAL in an amount sufficient to compensate DEFY MEDICAL for its damages sustained as a result of ROYAL MEDICAL's actions constituting unjust enrichment or the proceeds received by ROYAL MEDICAL for its acts that constitute unjust enrichment; and

(r) Any further, different, or additional relief to which DEFY MEDICAL is entitled or as this Court may deem equitable and proper.

Respectfully submitted,

Date: February 7, 2019

JASON A. LESSINGER
Fla. Bar. No. 0091601
*Trial Counsel*
CHARLES J. BARTLETT, ESQ.
Florida Bar No. 273422
ICARD, MERRILL, CULLIS, TIMM, FUREN & GINSBURG, P.A.
2033 Main Street, Suite 600
Sarasota, FL 34237
Phone: (941) 366-8100
Fax: (941) 366-6384
jlessinger@icardmerrill.com
*Counsel for Plaintiff*, **DEFY MEDICAL, LLC**